PHILLIP A. TALBERT
United States Attorney
MATTHEW THUESEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

Jun 05, 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>GARY KLOPFENSTEIN,<br><br>Defendant. | CASE NO. 2:24-cr-0163 DJC<br><br>18 U.S.C. § 1343 – Wire Fraud (10 Counts); and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N F O R M A T I O N

COUNTS ONE THROUGH TEN: [18 U.S.C. § 1343 – Wire Fraud]

The United States Attorney charges:

GARY KLOPFENSTEIN

defendant herein, as follows:

**I.    INTRODUCTION**

At all relevant times,

1.     KLOPFENSTEIN lived in Illinois and served as the Chief Wealth Officer of Zolla Financial, LLC. KLOPFENSTEIN also owned GK Investment Management, LLC ("GKIM").

2.     Zolla Financial, LLC, was registered in Delaware but operated by individuals living in the State and Eastern District of California. Zolla Financial, LLC, was an investment company whose representatives raised investor funds through transactions typically styled as loans offering a fixed return, with the company's returns purportedly generated through algorithmic trading.

INFORMATION                                                     1

3.      Zolla High Yield Fund, LLC, was registered in Delaware but operated by individuals living in the State and Eastern District of California. Zolla High Yield Fund, LLC, was the documented borrower for many of the loans managed by Zolla Financial, LLC. According to documentation provided to investors, Zolla Financial, LLC, was the principal owner and sole manager of Zolla High Yield Fund, LLC.

4.      Although they were separate legal entities, Zolla Financial, LLC, and Zolla High Yield Fund, LLC, (collectively, "Zolla") relied on common leadership and operated in material respects as a single entity.

5.      Kenneth Winton, charged elsewhere, lived in Chico and then Oroville, California, and served as the CEO, President, and Manager of Zolla. No later than approximately January 2020, Winton became Zolla's purported owner.

6.      Person 1 lived in Redding, California, and served as Zolla's CFO until approximately February 2020.

7.      Law Firm 1 was a law firm with offices throughout the United States.

## II.     SCHEME TO DEFRAUD

8.      From in or around June 2019 through in or around March 2020, in the State and Eastern District of California and elsewhere, KLOPFENSTEIN knowingly devised, intended to devise, and participated in a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, and the concealment of material facts.

## III.    PURPOSE OF THE SCHEME

9.      The purpose of the scheme and artifice was for KLOPFENSTEIN to enrich himself unlawfully by falsely representing to Winton and Person 1 that he was investing Zolla funds in notes related to the purchase and sale of jet fuel when, in fact, no such notes existed, and KLOPFENSTEIN transferred a portion of the funds to a third party to invest in a real estate development and used a portion to pay personal expenses.

## IV.    MANNER AND MEANS

In furtherance of the scheme and artifice, KLOPFENSTEIN employed, among others, the

following manner and means:

10. KLOPFENSTEIN represented to Winton and Person 1 that he had access, through GKIM, to invest in notes related to the purchase and sale of jet fuel with an interest accrual rate of 18% per annum.

11. KLOPFENSTEIN gave Winton and Person 1 documents that purported to evidence the jet fuel notes, including a memorandum of understanding purportedly from Law Firm 1 to GKIM and a purported corporate guaranty by Law Firm 1 for the benefit of GKIM. Both documents purportedly were signed by a Law Firm 1 partner. The documents, however, were fabricated, and the signatures of the Law Firm 1 partner were forged.

12. KLOPFENSTEIN represented to Winton and Person 1 on multiple occasions that the jet fuel investment was generating returns.

13. In total, Zolla transferred approximately $2.45 million in investor funds to GKIM to invest in the jet fuel notes. KLOPFENSTEIN did not use any of the funds for that purpose.

## V.   THE WIRE COMMUNICATIONS

14. On or about the dates listed below, in the State and Eastern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, KLOPFENSTEIN knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the following writings, signs, and signals:

//
//
//
//
//
//
//
//
//
//

| Count | Approximate Date | Wire Description |
|---|---|---|
| 1 | June 14, 2019 | Email from KLOPFENSTEIN to Winton and Person 1 recommending that they invest $1.25 million in Zolla investor funds in jet fuel supply contracts |
| 2 | June 19, 2019 | Book transfer of $500,000 from Zolla to GKIM |
| 3 | June 20, 2019 | Book transfer of $500,000 from Zolla to GKIM |
| 4 | June 21, 2019 | Book transfer of $250,000 from Zolla to GKIM |
| 5 | August 27, 2019 | Email from KLOPFENSTEIN to Winton and Person 1 with a memorandum of understanding and corporate guaranty purportedly from Law Firm 1 attached |
| 6 | August 28, 2019 | Book transfer of $500,000 from Zolla to GKIM |
| 7 | August 29, 2019 | Book transfer of $500,000 from Zolla to GKIM |
| 8 | August 30, 2019 | Book transfer of $200,000 from Zolla to GKIM |
| 9 | November 22, 2019 | Email from KLOPFENSTEIN to Winton and Person 1 stating that the jet fuel investment was worth over $2.7 million |
| 10 | February 9, 2020 | Email from KLOPFENSTEIN to Person 1 stating that the jet fuel investment was worth over $3 million |

All in violation of Title 18, United States Code, Sections 2 and 1343.

FORFEITURE ALLEGATION:  [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.       Upon conviction of one or more of the offenses alleged in Counts One through Ten of this Information, KLOPFENSTEIN shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived

INFORMATION                                                  4

from proceeds traceable to such violations, including but not limited to the following:

      a.    A sum of money equal to the total amount of proceeds traceable to such offenses, for which defendant is convicted.

   2.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Ten of this Information, for which defendant is convicted:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

Dated: June 3, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ Matthew Thuesen
MATTHEW THUESEN
Assistant United States Attorney

INFORMATION       5

## United States v. Gary Klopfenstein
**Penalties for Information**

**Defendant**
**GARY KLOPFENSTEIN**

**COUNTS 1-10:**

| | |
|---|---|
| VIOLATION: | 18 U.S.C. § 1343 – Wire Fraud |
| PENALTIES (as to each count): | Up to 20 years of imprisonment, or fine up to $250,000 or twice the pecuniary gain or loss, or both fine and imprisonment; Up to 3 years of supervised release; Restitution |
| SPECIAL ASSESSMENT: | $100 (mandatory on each count) |

**FORFEITURE ALLEGATION:**

| | |
|---|---|
| VIOLATION: | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| PENALTIES: | As stated in the charging document |